**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTENT IQ, LLC, | |
| Plaintiff, | Case No. |
| v. | **JURY TRIAL DEMANDED** |
| INVIDI TECHNOLOGIES CORPORATION | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST**
**INVIDI TECHNOLOGIES CORPORATION**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ" or "Plaintiff") make the following allegations against Defendant Invidi Technologies Corporation ("Defendant" or "Invidi"):

**INTRODUCTION AND PARTIES**

1.      This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which generally relate to novel internet / network based advertising systems and methods: United States Patent No. 8,677,398 (the "Asserted Patent"). Plaintiff owns all right, title, and interest in the Asserted Patent to file this case.

2.      Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3.      Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and

televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4.      Invidi Technologies Corporation is a corporation organized under the laws of the state of Delaware, with its principal place of business at 202 Carnegie Center, Suite 204 Princeton, New Jersey 08540. Invidi Technologies Corporation may be served via its Delaware registered agent the Corporation Trust Company, Corporation Trust Center 1209 Orange St. Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patent.

7.      Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

8.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9.      Plaintiff owns all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 1.

10.      On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (Invidi's computer systems that implement and provide Invidi's addressable advertising solution, including but not limited to components such as Conexus, Edge, and Pulse) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

11.      The infringement of the '398 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12.      The Accused Instrumentalities perform all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 1 of the '398 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

13.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

14.    As a result of Defendant's infringement of the '398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15.    Plaintiff is entitled to past damages for Defendant's infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

16.    Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter:

a.    A judgment in favor of Plaintiff that Defendant has infringed the Asserted Patent, either literally and/or under the doctrine of equivalents;

b.    A judgment in favor of Plaintiff finding post-suit willful infringement as to the Asserted Patent;

c.    A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patent;

d.    A judgment and order requiring Defendant to pay Plaintiff their damages, costs,

expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

e.    A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff their reasonable attorneys' fees against Defendant; and

g.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: July 1, 2025                         Respectfully submitted,

Of Counsel:                                 FARNAN LLP

Reza Mirzaie                                */s/ Michael J. Farnan*
Marc A. Fenster                             Brian E. Farnan (Bar No. 4089)
Brian D. Ledahl                             Michael J. Farnan (Bar No. 5165)
Adam S. Hoffman                             919 North Market Street, 12th Floor
James A. Milkey                             Wilmington, DE 19801
Philip X. Wang                              (302) 777-0300
James Tsuei                                 bfarnan@farnanlaw.com
Jonathan Ma                                 mfarnan@farnanlaw.com
Joshua M. Scheufler
Daniel B. Kolko                             *Attorneys for Plaintiff*
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991

rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com